[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 STATEMENT OF THE CASE
This foreclosure action was commenced in 1997 and has finally concluded via a trial which took almost a full day. The defendants appeared pro-se, though the defendant Charles Baltayan conducted the defense as he had previously handled pleadings and argument. The plaintiff was obliged to file Exhibits labeled A CT Page 14181 through RH, with virtually the entire bank file being transferred to this court.
The defendants' defense was not actually pleaded as such but was stated to be accord and satisfaction." The defense, pleaded specially, was to the effect that the defendants had made all the payments on time, pursuant to an alleged agreement with a predecessor of the plaintiff. The defendants also counterclaimed, alleging violation of the Federal Fair Trade Practices Act.
 I
The court granted the plaintiffs motion to dismiss the defendants' counterclaim for failure to make out a prima facie case.
The court assumes this claim was based on the defendants' assumption that the agreement" they alleged in their special defense had been breeched by the plaintiff when it pursued this foreclosure.
As the Court will discuss below in detail, no such agreement was proven.
 II A.
The defendants' sole basis for their defense is that at some time prior to the plaintiffs acquisition of this mortgage and note, Mr. Baltayan spoke to someone who agreed to modify the terms of the note. This was sometime prior to the plaintiffs acquiring the obligation. There is no writing of any kind to verify that such an event occurred and the court is expected to accept Mr. Baltayan's word that it did.
The plaintiff searched its file and found nothing indicating such a modification was implemented.
Based on his evasive responses to questions put to him and what appear to be patent lies, the court does not give credence to Mr. Baltayan's claims. One instance of this can be found in Mr. Baltayan's response to the court with respect to a mortgage of record on the subject property in favor of Orfilo and Divina Hofilena, and executed by the defendants. Mr. Baltayan professed CT Page 14182 to know nothing about this instrument, though the Hofilenas conveyed the property in question to the defendants.
The Statute of Frauds would preclude the defendants from asserting an oral modification of the mortgage note, as noted by the court in addressing the plaintiffs motion to preclude on this ground.
Legal issues aside, the court is not inclined to find that any modification occurred. Had Mr. Baltayan obtained such an assurance, based on his handling of this file, it is highly unlikely he would not have perfected a memorandum of some kind binding the creditor. Mr. Baltayan is a college graduate and has demonstrated in this case that he is quite aware of business practices and court procedures. He has some knowledge of legal principles and has used all of these, plus his pro se status, to unduly prolong a case while lacking a valid defense.
The court will also address the defendants' claim that there must have been an agreed upon modification of the terms of the note because the plaintiffs predecessor accepted reduced payments from him for several months.
This was a variable rate mortgage from its inception. The plaintiff had the right upon it's acquisition to charge the rate of interest charged. When the plaintiff detected an error in the amounts collected, it waived substantial accrued interest and advised the defendants of the actual rate.
The defendants' response was to ignore the plaintiffs notice and to send the amount they felt was due after suit was instituted.
The plaintiff rejected these payments and returned them so that the defendants' claim of "accord and satisfaction" is not applicable. The defendants' position belies all usual business practices as it would permit one party to determine the terms of a transaction to the exclusion of the other.
 CONCLUSION
The court concludes that there is no defense to this action and that judgment should enter for the plaintiff.
I find that Orfilo and Divina Hofilena, non appearing CT Page 14183 defendants, are not in the military service.
I find the debt to be $358,818.25. I find the value of the property to be $285,000.00.
The appraiser is allowed a fee of $450.00.
The court enters a judgment of strict foreclosure, setting the law day for the owners of the equity of redemption at November 29, 1999, and November 30, 1999 for Orfilo and Divina Hofilena.
On Monday, November 15, 1999 at 9:30 a.m., the court will hear the plaintiff on its motion for attorney's fees, punitive damages, and accrued interest to the date of judgment. Any sums awarded on these three items will become part of the debt and a supplemental judgment will be filed.
Anthony V. DeMayo Judge Trial Referee